IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lerese-Shanta Hankins,  )<br>  )<br>                    Plaintiff,  )<br>vs.  )<br>  )<br>Michael Wisehart,  )<br>  )<br>                    Defendant.  )<br>  ) | | No.  CV-22-02083-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Seal Case (Doc. 1). Pursuant to Local Rule 5.6(b), "[t]he Court may order the sealing of any document pursuant to a motion, stipulation, or the Court's own motion. . . . Any motion or stipulation to file a document under seal must set forth a *clear statement of the facts and legal authority* justifying the filing of the document under steal . . . ." (Emphasis added).

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 596 (1978). This presumption extends to judicial records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this presumption, a party seeking to seal a record must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178). "'A party who seeks to seal an *entire* record faces an even heavier burden' than a party seeking to seal a particular document." *Sadeh v. Paradigm Treatment Ctr., LLC*, No. CV-20-01466-

PHX-GMS, 2020 WL 7263387, at *2 (Dec. 10, 2020) (citation omitted). Here, Plaintiff has not met this high burden. Although Plaintiff cites generally to domestic violence, stalking, threats, and safety as reasons to seal the case, her explanations are both vague and speculative. Accordingly, the Court will deny the motion at this time.

Because the Court recognizes that Plaintiff may wish to amend her filings based on the denial of her motion to seal,[1] the Court will direct the Clerk of Court not to file the lodged documents, and will require Plaintiff to refile them on the public docket.

**IT IS THEREFORE ORDERED** that the Motion to Seal (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **not** file any of the lodged documents on the record.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 18, 2023**, to either refile her Complaint and Application to Proceed in Forma Pauperis on the public docket, or voluntarily dismiss this action.

Dated this 19th day of December, 2022.

Honorable Steven P. Logan
United States District Judge

---

[1] For example, Plaintiff will need to redact personally identifiable information and amend the Complaint so that any minor is only referred to by initials. *See* Fed. R. Civ. P. 5.2(a). To the extent Plaintiff believes that specific documents should be sealed, she may file motions addressing the appropriate standards and requesting appropriate relief.

2