IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lerese-Shanta Hankins,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Michael Wisehart,<br><br>　　　　　　Defendant. | No. CV-22-02083-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Notice (Doc. 6), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8), and Motion for Recusal (Doc. 9).

### I.     Motion for Reconsideration

On December 20, 2022, the Court denied Plaintiff's Motion to Seal the entire case (Doc. 5). On January 4, 2023, Plaintiff filed a Notice, which the Court construes as a Motion for Reconsideration (Doc. 6). Plaintiff states that she "wish[es] to redact [her] private intellectual property and other identifiers and only allow access to parties on the case and when this case is over to send [her] all records and delete from [the Court's] systems permanently . . . ." (Doc. 6 at 2). She further states that "[she] did not and [does] not want to share [her] medical records," and argues that "[p]rivacy is our God-given right." (Doc. 6 at 2). The remainder of the motion includes citations to various laws (Doc. 6 at 2–5) with no context.

Reconsideration is disfavored and "appropriate only in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Motions for

Reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions be used to ask the Court to rethink its previous decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581 (D. Ariz. 2003).

As this Court has previously stated, the public has a general right to inspect and copy judicial records and documents, and a party seeking to seal a record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (alteration in original) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 596 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Upon view, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (citation omitted) (alteration in original). "After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (citation omitted). Again, Plaintiff has not met this high burden, and the motion will be denied.

**II.     Application to Proceed in District Court Without Prepaying Fees or Costs**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in determining whether to grant or deny such application. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Here, the application, signed under penalty of perjury, contends that Plaintiff has no income, no real assets, and no expenses (Doc. 8). The Court, however, finds Plaintiff's application to be questionable. For example, there is no explanation as to how she has no rent or home-mortgage payment or survives without incurring any expenses for basic

necessities such as food. Although it is possible that this information may be correct (for example, if Plaintiff is experiencing homelessness), an explanation must be provided.

The Court also notes that with respect to income, Plaintiff has attached an affidavit stating she has none, which further provides that "[i]t is [her] belief that Title 18 United States Code, Section 8, is how [her] needs shall be provided for." (Doc. 8 at 7) 18 U.S.C. § 8, however, defines the term "obligation or other security of the United States," and as a result, is nonsensical.

Finally, Plaintiff has failed to answer any of question 12, which requests the applicant to identify the city and state of their legal residence, their phone number, their age, and their years of schooling. If Plaintiff wants to proceed without paying the filing fees, she may not pick and choose which questions to answer, but must answer *all* of the questions on the form truthfully.

Because the Court has doubts about the credibility of the allegations of poverty, the motion will be denied.

**III.  Motion for Recusal**

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. *Id*.; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, § 455 is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), and (b)(5)(i); *see also Sibla*, 624 F.2d at 867–68.

The undersigned must initially determine whether Plaintiff has filed an affidavit that

is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). She has not. "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial* source." *Sibla*, 624 F.2d at 868 (emphasis added). Here, Plaintiff has not filed a proper affidavit. Regardless, Plaintiff's motion does not contain any facts to support the conclusion that the undersigned has exhibited bias or prejudice that stems from an extrajudicial source. Instead, her request is based entirely on the Court's prior rulings. Accordingly, the undersigned is not required to assign the recusal request to another judge. *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted); *see also Pesnell*, 543 F.3d at 1044.

As previously discussed, Plaintiff does not allege the undersigned has an extrajudicial bias against her. Upon review, the undersigned cannot conclude that the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Accordingly, the Court, in its discretion, will deny Plaintiff's Motion for Recusal.

**IT IS THEREFORE ORDERED** that the Notice (Doc. 6), construed as a Motion for Reconsideration, is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8) is **denied without prejudice**. Plaintiff shall either pay the filing fee associated with this action or file a renewed application to proceed in forma pauperis that addresses the discrepancies identified in this order no later than **February 9, 2023**. The Clerk of the Court is directed to terminate this case without further order of the Court if Plaintiff fails to comply with this order within the timeframe specified herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. 9) is **denied**.

Dated this 11th day of January, 2023.

Honorable Steven P. Logan
United States District Judge